UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. BURNETT,

    Plaintiff,

v.

WENDY LANE, et al.,

    Defendants.

Case No. 21-cv-11180
Honorable Laurie J. Michelson

**ORDER TRANSFERRING CASE TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

This is a pro se civil rights complaint filed under 42 U.S.C. § 1983, accompanied by a motion for a temporary restraining order. (ECF No. 1, 3.) Plaintiff Darryl Robinson is a state prisoner confined at the Bellamy Creek Correctional Facility in Ionia, Michigan. Having reviewed the complaint, the Court concludes that venue is not proper in this district and transfers the case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). "[T]he court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be

dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 55 (2013). If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case" under section 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

The complaint names as defendants twelve corrections officers and an unknown number of unnamed corrections officers at Bellamy Creek Correctional Facility. (ECF No. 1.) Bellamy Creek is in Ionia, Michigan, which is located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Burnett alleges that all defendants were "at all times relevant to this action a Corrections Officer at Bellamy Creek Correctional Facility." (ECF No. 1, PageID.2–3) Nothing in the complaint or TRO indicates any parties or relevant facts in the Eastern District of Michigan. (*See* ECF No. 1, 3.) Because all parties are located in the Western District and plaintiff alleges that all events giving rise to this action took place in the Western District, venue is not proper here in the Eastern District. The case will therefore be transferred to the Western District of Michigan, where venue is proper.

The Clerk of Court is ordered to transfer this case to the United States District Court for the Western District of Michigan.

SO ORDERED.

Dated: June 3, 2021

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE